**Petition for Writ of Mandamus Denied and Opinion filed August 13, 2025.**



**In The**

# Fifteenth Court of Appeals

---

**NO. 15-24-00100-CV**

---

### IN RE IDEA PUBLIC SCHOOLS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**201st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005018**

---

## MEMORANDUM OPINION

This original proceeding arises out of litigation over release of the A to F school accountability rankings for Texas public schools for the 2024 school year. In *Morath v. Pecos-Barstow-Toyah Independent School District, et al.*, we held the trial court erred by denying the Commissioner of Education's plea to the jurisdiction asserting immunity, reversed the trial court's injunction prohibiting the

Commissioner from issuing those ratings, and dismissed the suit against him.[1]

In this related case, relator IDEA Public Schools intervened in the proceedings below in support of the Commissioner, but the trial court "denied" the intervention and refused to let IDEA call or question witnesses in the evidentiary hearing. Relator seeks a writ of mandamus to compel the honorable Daniella DeSeta Lyttle, presiding judge of the 201st District Court of Travis County, to vacate her orders (1) dismissing relator's petition in intervention, (2) overruling the Commissioner of Education's plea to the jurisdiction, and (3) temporarily enjoining him from releasing the A to F accountability rankings for the 2024 school year. Relator also seeks remand "to allow [it] to fully participate in the proceedings."[2]

We first consider whether we have jurisdiction to decide this case.[3] Texas courts do not have jurisdiction to decide moot controversies.[4] A case becomes moot if, since the time of filing, "there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."[5] In the related appeal, we dissolved the injunction preventing the Commissioner from issuing the ratings, reversed the denial of the plea to the jurisdiction, and dismissed the case against him.[6] Because our decision in *Pecos* affords all the relief for which Relator pleaded and sought to intervene, this petition is moot.

---

[1]     *Morath v. Pecos-Barstow-Toyah Indep. Sch. Dist.*, 2025 WL 1833467, at *9 (Tex. App. (15th Dist.) July 3, 2025, no pet. h.).

[2]     *See* TEX. GOV'T CODE § 22.221; *see also* TEX. R. APP. P. 52.

[3]     Although the parties do not raise the issue, we must "consider it sua sponte when our jurisdiction seems in doubt." *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 71 (Tex. 2021).

[4]     *Abbott v. Mexican Am. Legislative Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022).

[5]     *Id.* (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)).

[6]     *Morath*, 2025 WL 1833467, at *9.

We dismiss relator's petition as moot.

<u>Scott Brister</u>
Scott Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.